**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6233**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ARMANDO BRAN, a/k/a Pantro,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:12-cr-00131-REP-1; 3:23-cv-00639-REP; 3:23-cv-00640-REP; 3:23-cv-00641-REP)

Submitted:  April 10, 2025                          Decided:  April 14, 2025

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Jose Armando Bran, Appellant Pro Se.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Armando Bran seeks to appeal the district court's order construing his postjudgment motions as successive and unauthorized 28 U.S.C. § 2255 motions and dismissing them on that basis. The district court entered its opinion and order on October 5, 2023. Bran filed his notice of appeal on February 19, 2024.[*]

Bran's notice of appeal is untimely, as he filed it well after the expiration of the 60-day appeal period. *See* Fed. R. App. P. 4(a)(1)(B). In his notice of appeal, however, Bran asserted that he did not receive timely notice of the district court's order and first discovered the dismissal order through independent means.

A district court may reopen the appeal period if it finds that: (1) the party seeking to appeal did not receive notice of the order sought to be appealed within 21 days after its entry; (2) the party moved to reopen the appeal period within 180 days after the entry of the order or within 14 days after receiving notice of the order, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6). Because Bran asserts that he did not receive timely notice of the district court's order and he filed his notice of appeal within 180 days after entry of judgment or, possibly, within 14 days after receiving notice of the judgment, we construe the notice of appeal as a motion to reopen the appeal period under Rule 4(a)(6).

---

[*] For purposes of this appeal, we assume that the date appearing on Bran's certification is the earliest date Bran could have delivered the notice of appeal to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1)(A)(i); *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

2

3

We remand to the district court for the limited purpose of determining whether Bran

meets the requirements of Rule 4(a)(6) and, if so, whether to reopen the appeal period. The

record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*